Filed 5/5/26  P. v. Reyes CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDY REYES,<br><br>    Defendant and Appellant. | H052776<br>(Santa Clara County<br> Super. Ct. No. C2316226) |

After his motion for mental health diversion was denied, defendant Fredy Reyes pleaded no contest to threatening a public official.  He argues on appeal that the trial court abused its discretion in finding him unsuitable for mental health diversion.  For the reasons we will explain, we will reverse the denial of mental health diversion and remand for the trial court to reconsider defendant's motion.

## I.    TRIAL COURT PROCEEDINGS

In November 2023, defendant was brought from jail to court for an appearance in an unrelated case.  While seated in the jury box, he attempted to get his attorney's attention.  The judge admonished defendant to remain silent and not disrupt the proceedings.  Defendant then pointed at the judge with his fingers in the shape of a gun and "made the action of pretending to shoot … the finger gun."  He was removed from the courtroom and later charged with threatening a public official.

Defendant moved for mental health diversion under Penal Code section 1001.36, and the prosecution opposed the motion.  Two evaluators met with defendant and each

noted defendant's diagnoses of schizophrenia and amphetamine-type use disorder. Although defendant acknowledged that he had sometimes struggled to take medication consistently which caused him to experience auditory hallucinations, he stated that he was committed to addressing his symptoms and improving his mental health. Both evaluators noted that defendant was taking medication at the time of the interviews, and one evaluator concluded defendant would be amenable to mental health diversion.

At a hearing on the motion, the prosecutor acknowledged defendant's mental health disorders but argued the disorders were not connected to the charged offense. The prosecutor also argued defendant posed an unreasonable risk of danger to public safety based on his criminal history, which included six felonies and 29 total convictions since 2013. The prosecutor played a video of the charged offense for the trial court to review, which did not include audio.

After noting the "dearth of evidence" presented by both parties at the hearing, the trial court found defendant eligible for mental health diversion. (Pen. Code, § 1001.36, subd. (b).) Regarding defendant's suitability for mental health diversion (Pen. Code, § 1001.36, subd. (c)), the court stated: "On the issue of suitability in light of the defendant's rather lengthy criminal history, including a number of resisting and obstructing police officers, the assault offenses, the failures to appear which there are many, the lack of compliance previously with taking medications and the rather bold offense that was committed in open court, it does appear to this Court that the defendant is not suitable pursuant to the evidence that was presented to the Court." Defense counsel asked the court whether it was finding "sufficient evidence that he is a risk to commit a super strike" and the court replied, "I didn't say that, Counsel." In response to a comment from counsel about the statutory dangerousness standard, the court added, "I know you think that's what the standard is, but I made findings on the record just now. [¶]…[¶] That he's not suitable."

The trial court denied the motion for mental health diversion. Defendant ultimately pleaded no contest and was sentenced to three years in prison. Execution of the sentence was suspended and defendant was placed on probation for a period of two years.

## II.   DISCUSSION

"Since 2018, section 1001.36 has afforded trial courts discretion to grant criminal defendants suffering from certain recognized mental disorders pretrial diversion to receive mental health treatment." (*People v. Brown* (2024) 101 Cal.App.5th 113, 119; unspecified statutory references are to the Penal Code.) "Diversion allows for the suspension of criminal proceedings and potential dismissal of charges upon successful completion of mental health treatment." (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 890 (*Sarmiento*).) The express purpose of the legislation was to increase diversion of eligible individuals, and legislative "amendments have only confirmed the Legislature's desire to expand mental health treatment through diversion." (*Id*. at p. 891.)

As currently enacted, a defendant accused of a qualifying offense is eligible for mental health diversion if the defendant has been diagnosed with a qualifying mental health disorder which was a significant factor in the commission of the charged offense. (§ 1001.36, subd. (b).) If a defendant is found *eligible* for mental health diversion, a trial court must also consider whether the defendant is *suitable* for diversion. (§ 1001.36, subd. (c).) According to the statute, a defendant is suitable for diversion if, in the opinion of a mental health expert, the defendant's symptoms would respond to treatment (§ 1001.36, subd. (c)(1)); the defendant consents to diversion and waives his right to a speedy trial (§ 1001.36, subd. (c)(2)); the defendant agrees to comply with treatment (§ 1001.36, subd. (c)(3)); and the defendant will not pose an "unreasonable risk of danger to public safety" as defined in section 1170.18 (§ 1001.36, subd. (c)(4)). Section 1170.18 defines "unreasonable risk of danger to public safety" as an unreasonable risk that the

3

defendant will commit one of certain enumerated violent felonies, known colloquially as "super strikes." (§ 1170.18, subd. (c); see § 667, subd. (e)(2)(C)(iv).)

Even if a defendant meets the enumerated suitability criteria, a trial court retains discretion to deny diversion. (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 888.) But that residual discretion must be exercised " 'consistent with the principles and purpose of the governing law.' " (*Id.* at p. 891.) We review a decision to deny diversion for abuse of discretion. (*Id.* at p. 887.)

The trial court found defendant eligible for mental health diversion, but found him unsuitable for diversion and stated its reasons. When defense counsel asked the court whether it was finding defendant a risk to commit one of the violent felonies listed in section 1170.18 (as necessary to support a finding that defendant posed an unreasonable risk of danger to public safety), the court replied "I didn't say that" without further explanation. Nor did the court expressly find that defendant's symptoms would not respond to treatment, that defendant did not consent to diversion, or that defendant did not agree to comply with treatment.

We see no substantial evidence in the record that would have supported an unsuitability finding as defined under the statute. Section 1001.36, subdivision (c) prescribes specific suitability factors and does not expressly contemplate a finding of unsuitability based on other factors not identified in the statute. We acknowledge it is possible to construe the court's finding of unsuitability as an exercise of its residual discretion under section 1001.36, subdivision (a). But the only reasoning articulated by the court involved defendant's criminal history and past failures to appear (which could themselves have been connected to a mental health disorder), his past difficulties complying with treatment (notwithstanding the evaluators' conclusions about his prospects for *future* treatment), and the circumstances of the charged offense. The trial court's statement of the reasons for its decision thus did not "reflect consideration of the

underlying purposes of the statute and explain why diversion would not meet those goals." (*Sarmiento*, *supra*, 98 Cal.App.5th at p. 893.)

We will reverse the conviction and remand for the trial court to reconsider defendant's suitability for mental health diversion according to the factors in section 1001.36, subdivision (c) and defendant's current circumstances. To the extent the court exercises its residual discretion under section 1001.36, subdivision (a), it must take into account the Legislature's intent and the statute's underlying purposes. Although we express no opinion as to how the court should decide the matter on remand, we note that the suitability inquiry must be informed not only by defendant's past performance but also by his present circumstances and prospects for diversion compliance.

### III.    DISPOSITION

The judgment is reversed and the matter is remanded for a new hearing on defendant's present suitability for mental health diversion.

5

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.

H052776 - *The People v. Reyes*